# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 30, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ST PIPELINE, INC.,**
**Employer Below, Petitioner**

**vs.)   No. 12-0198**  (BOR Appeal No. 2046502)
(Claim No. 2010109885)

**RICKY GANDEE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner ST Pipeline, Inc., by Steven Wellman, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated January 25, 2012, in which the Board affirmed an October 11, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's February 2, 2010, decision denying Mr. Gandee's request to add unspecified mitral/aortic valve disease as a compensable component of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 19, 2009, Mr. Gandee sustained a first degree burn on his left forearm, which was subsequently held compensable, after being accidentally touched with a hot torch. On August 3, 2009, Mr. Gandee was transported to the emergency room after experiencing an altered mental status, nausea, and vomiting. It was noted in the emergency room that he had a history of mitral valve prolapse and he was diagnosed with endocarditis with Staphylococcus aureus and sepsis. After two subsequent hospitalizations for sepsis and endocarditis, Mr. Gandee underwent a mitral valve replacement due to bacterial endocarditis with vegetation of the mitral valve resulting from a Staphylococcus aureus infection. On October 9, 2009, Dr. Kerns, Mr.

1

Gandee's treating physician, stated that Mr. Gandee's endocarditis and valve replacement are most likely the result of the compensable left forearm burn and a subsequent infection with bacteremia. On December 15, 2009, Dr. Werntz performed a records review and found that there is no connection between the compensable burn and Mr. Gandee's subsequent endocarditis, sepsis, and valve replacement. He stated that Mr. Gandee's initial hospitalization necessitated treatment requiring multiple skin punctures, which is a common source of infection with Staphylococcus aureus. He then stated that Mr. Gandee's subsequent hospitalizations all stem from the secondary Staphylococcus aureus infection. On January 3, 2011, Dr. Shrestha examined Mr. Gandee and found that it is possible that the compensable burn was the proximate cause of Mr. Gandee's infective endocarditis. She stated that in an otherwise healthy person, the most likely point of entry into the body for Staphylococcus aureus is via compromised skin. On May 6, 2011, Dr. Bailey performed an independent medical evaluation. She agreed with the conclusions of Dr. Werntz and stated that Mr. Gandee's sepsis, endocarditis, and valve replacement are unrelated to the compensable forearm burn. On June 20, 2011, Dr. Kerns reviewed Dr. Bailey's report and restated his initial conclusion that the compensable left forearm burn is a plausible explanation for Mr. Gandee's illness and valve replacement, and further stated that medical literature documents a connection between burns and endocarditis. He further stated that Dr. Werntz's conclusion that Mr. Gandee's initial hospitalization caused the Staphylococcus aureus infection is implausible because the first blood culture drawn upon his initial arrival in the emergency room was positive for Staphylococcus aureus. On July 22, 2011, Dr. Bailey reviewed Dr. Kerns's June 20, 2011, report and restated her conclusion that there is no connection between Mr. Gandee's compensable burn and his subsequent hospitalizations and valve replacement, and attributed his infection to food poisoning. The claims administrator denied Mr. Gandee's request to add unspecified mitral/aortic valve disease as a compensable component.

In its Order reversing the claims administrator's February 5, 2010, decision, the Office of Judges held that the preponderance of the evidence supports the conclusion that mitral valve disease is a compensable component of the claim. ST Pipeline disputes this finding and asserts that there is no reliable evidence of record connecting Mr. Gandee's compensable burn with his subsequent mitral valve infection.

The Office of Judges acknowledged that Mr. Gandee has a history of mitral valve prolapse, and found that even if he was more susceptible to infection, the evidence of record indicates that he contracted an infection as a result of the compensable burn. The Office of Judges found that Mr. Gandee had a Staphylococcus aureus infection upon initial presentation to the emergency room, contrary to the opinion of Dr. Werntz. The Office of Judges further found that there is no evidence of Mr. Gandee ever having food poisoning, contrary to the opinion of Dr. Bailey. Finally, the Office of Judges found that it is more likely than not that the Staphylococcus aureus infection, and resulting endocarditis, are the result of the May 19, 2009, compensable burn. The Board of Review reached the same reasoned conclusions in its decision of January 25, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 30, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II